

# SEALED

Office of the United States Attorney
District of Nevada
501 Las Vegas Blvd., South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar Number 14853
JIM W. FANG
Assistant United States Attorney
501 Las Vegas Blvd. South, Ste. 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Email: jim.fang@usdoj.gov
*Attorneys for the United States of America*

FILED.

DATED: 2:44 pm, December 10, 2021

U.S. MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-mj- 01027-DJA |
| Plaintiff, | **SEALED COMPLAINT** |
| v. | for violations of: Conspiracy to Commit Mail Fraud (18 U.S.C. § 1349) |
| LUIGI J. MONTES, | |
| ALEXANDER HOYOS RIVERA, and | Aggravated Identity Theft (18 U.S.C. § 1028A(a)(1)) |
| PETER ALEXANDER STINCER, | |
| Defendants. | |

BEFORE the United States Magistrate Judge, Las Vegas, Nevada, the undersigned Complainant, being duly sworn, deposes and states:

### COUNT ONE
*Conspiracy to Commit Mail Fraud*
(18 U.S.C. § 1349)

1.      From on or about at least March 1, 2020 to on or about at least January 6, 2021, in the State and Federal District of Nevada and elsewhere,

LUIGI J. MONTES,
ALEXANDER HOYOS RIVERA, and
PETER ALEXANDER STINCER,

defendants herein, did knowingly and willfully conspire with each other and others known and unknown, including Alan Ray, to commit the crime of Mail Fraud in violation of 18 U.S.C. § 1341.

2.      The object of the conspiracy was to participate in and devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises from the Nevada Department of Employment, Training, and Rehabilitation ("DETR") and the California Employment Development Department ("EDD").

3.      In furtherance of the conspiracy, defendants and coconspirators fraudulently applied for and received unemployment insurance benefits from DETR and EDD using personal identifying information of other individuals without authorization and without knowledge and approval of the individuals involved. Defendants and coconspirators received said unemployment benefits in the form of debit cards, issued by DETR and EDD in the names of the individuals whose identities were fraudulently used, where the benefits were disbursed into the accounts associated with said debit cards.

4.      In furtherance of the conspiracy, to ensure that they would receive said debit cards, the conspirators had the cards sent to mailing addresses they had access and control, instead of the actual addresses of the individuals whose identities they stole. The conspirators then withdrew the fraudulently obtained unemployment benefits by using said debit cards at various ATMs around the country, including ATMs located in Nevada, California, Texas, and elsewhere.

5.      In furtherance of the conspiracy, on or about October 27, 2020 at a business center located within the Wynn Casino and Resorts in Las Vegas, Nevada, MONTES and Ray deposited and caused to be deposited a package to be sent and delivered by a private

2

and commercial interstate carrier, namely UPS, to a mailing address in Texas, where Ray

resided. Said package contained, among other things, twenty-four (24) fraudulently obtained

DETR and EDD debit cards.

6.      All in violation of 18 U.S.C. § 1349.

COUNTS TWO TO FOUR
*Aggravated Identity Theft*
(18 U.S.C. § 1028A(a)(1))

7.      From on or about at least March 1, 2020 to on or about at least January 6,

2021, in the State and Federal District of Nevada and elsewhere,

LUIGI J. MONTES,
ALEXANDER HOYOS RIVERA, and
PETER ALEXANDER STINCER,

defendants herein, and others known and unknown, did knowingly transfer, possess, and

use, without lawful authority, the means of identification of another person described

below, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that

is, the violation of 18 U.S.C. § 1349 as described in Count One, knowing that the means of

identification belonged to an actual person:

| COUNT | MEANS OF IDENTIFICATION |
|-------|-------------------------|
| TWO | an EDD debit card issued in the name of M.G. |
| THREE | an EDD debit card issued in the name of R.R. |
| FOUR | an EDD debit card issued in the name of R.P. |

All in violation of 18 U.S.C. § 1028A(a)(1) and 2.

PROBABLE CAUSE

Complainant, Christina D. Burt, states the following as and for probable cause:

8.      I am a Special Agent of the FBI, and have been since April 1999. I am a

graduate of the New Agents Training Program conducted at the FBI Academy in Quantico,

Virginia. Currently, I am assigned to the Las Vegas Field Office and responsible for

3

investigating crimes involving public corruption, civil rights, and fraud against the government. I have also investigated numerous white collar crimes and attended numerous related trainings. As part of my training and experience, I have participated and written warrants and affidavits, which involved electronic evidence, e-mails, text messages, and the internet. I have experience in conducting criminal investigations, conducting interviews with witnesses, defendants and plaintiffs, collecting and handling evidence. I have also conducted surveillances, financial analysis of individuals, and collaborated with other law enforcement agencies and enacted arrests in connection with fraud investigations.

9.     The following information contained within this Criminal Complaint is based upon my own participation in this investigation, as well as information and reports provided to me by other law enforcement personnel. This statement does not include any and all information in reference to this investigation, but rather only those facts necessary to establish probable cause.

<u>Background on this Conspiracy</u>

10.     This case arises out of the same investigation that led to the filing of a criminal complaint against Alan Ray in *United States v. Ray*, Case No. 2:20-mj-1098-VCF (D. Nev. filed Dec. 18, 2020), to which I also served as the affiant. In that case, Ray was caught attempting to ship a package, from the business center of the Wynn Casino and Resort to his own residence in Texas, that contained "among other things, (1) 24 unemployment insurance benefits debit cards from [DETR] and [EDD], all in different names, including the cards for M.G., C.H., and I.A.; (2) two notebooks containing the personal identifying information ('PII') of more than 80 individuals, including the PII of all 24 debits cards in the package; (3) four mailbox rental applications in the name of A.R. and the associated mailbox keys; (4) a New Mexico driver's license in the name of A.R.; (5) a

4

photocopy of a Puerto Rico cannabis dispensary card in the name of S.R., listing a Puerto Rico address; and (7) a laptop computer." *Id.*, ECF No. 1, at 3-4.

11.     The Ray complaint further alleged that "investigation by Wynn via surveillance footage revealed that the shipper was an individual who had checked into the Wynn using the name S.R.—presenting a Canadian passport in the name of S.R. at that time—and verbally represented himself to be S.R. at another store in the hotel about an hour later after shipping the package. S.R. was staying at the hotel with another individual using the name L.M., as Wynn's records show that they checked into the same room together, Room 3760. Wynn identified L.M. standing outside of the business center when the package was being shipped." *Id.* at 4. L.M. referred to the defendant in the instant matter, Luigi J. MONTES. As the Ray complaint later revealed, S.R. was determined to be Alan Ray. *Id.* at 6. Further investigation revealed that MONTES is Ray's cousin, and also lives in the same Texas area as Ray.

12.     The Ray complaint also alleged that "I obtained from DETR and EDD claims data associated with the PII found in the recovered notebooks, and confirmed that at least 60 claims were filed using said PII. I also contacted and interviewed by telephone three individuals, the aforementioned M.G., C.H., and I.A., whose names were found on the EDD debit cards recovered. They all verified that the dates of birth and Social Security Numbers used to apply for unemployment insurance benefits in their names belonged to them, and they had no knowledge nor authorized anyone to use their PII to apply for EDD benefits on their behalf. They likewise informed me that they do not live in California, have never been to California, and did not submit claims to the EDD." *Id.* at 7. The Ray complaint went on to allege that "[t]he 24 DETR and EDD debit cards found in the package were approved for at least $465,230 in unemployment insurance benefits. The other

PII found in the two notebooks were identified to have been used to apply for claims that were approved for at least another $468,899 in benefits, for a total of $934,129 in approved benefits. Some claims, although not approved, involved at least another $215,121 in benefits had the claims been approved. In total, the claims submitted using the PII found in the two notebooks implicated $1,149,250 in actual and potential benefits." *Id.* at 7-8. Based on the allegations made in the Ray complaint, Ray was charged with Possession of Counterfeit and Unauthorized Access Devices in violation of 18 U.S.C. § 1029(a)(3).

13.    Bank records show that the last known transaction made on the fraudulently obtained debit cards took place on January 6, 2021.

MONTES' Participation in the Conspiracy

14.    The investigation has uncovered evidence that MONTES participated in Ray's fraudulent scheme. First, evidence revealed that in addition to having accompanied Ray when Ray shipped the aforementioned package containing fruits and instrumentalities of the fraud, MONTES, wearing a white Wynn hat, was also present with Ray when Ray made withdraws at ATMs here in Las Vegas using the aforementioned fraudulently obtained debit cards:



*ATM Photo of Withdrawal Using Debit Card in the Name of M.G. on October 26, 2020 in Nevada*

1

2

3

4

5

6

7

8

9



10    *ATM Photo of Withdrawal Using Debit Card in the Name of P.S. on October 25, 2020 in Nevada*

11          15.    Investigation into the unemployment claims filed using the PII contained

12    within the two recovered notebooks revealed that MONTES himself used at least one of the

13    debit cards fraudulently obtained, an EDD debit card issued in the name of R.R., to make

14    ATM withdraws in Texas where he resides. Below are several photos of MONTES making

15    withdraws using the R.R. debit card while wearing the same style mask and Wynn hat he

16    wore in the pictures above:

17

18

19    

20

21

22

23

24    *ATM Photo of Withdrawal Using Debit Card in the Name of R.R. on November 28, 2020 in Texas*

7



*ATM Photo of Withdrawal Using Debit Card in the Name of R.R. on December 11, 2020 in Texas*



*ATM Photo of Withdraw Using Debit Card in the Name of R.R. on December 14, 2020 in Texas*

16.     In total, MONTES made 25 withdraws structured exactly $1,000 each between November 15, 2020 and December 14, 2020, essentially emptying out the account.

In my experience in investigating unemployment insurance fraud during the COVID-19 pandemic, that is a common technique used by fraudsters when withdrawing fraudulently obtained benefits from ATMs.

17.     I obtained MONTES's most recent Texas driver's license photo and the image is consistent with the visible portions of the masked man in the ATM photos above. In order to further confirm that MONTES is the person in these ATM photos, I sought to obtain further proof that he was present at these ATM withdraws. MONTES had left a contact number with the Wynn during his stay there. Further investigation confirmed this to be his phone number, as I was able to identify a personal Wells Fargo bank account in his name, which was registered using the same phone number as the one he had used at the Wynn.

18.     I then obtained a federal search warrant for the historical location data of said phone number and compared that data to the locations of the ATM withdraws made above using R.R.'s card. I found many instances where MONTES' cell phone was located in the vicinity of the various ATM withdraws at the time of those withdraws, including all four withdraws pictured above.[1] The ATMs where MONTES made the withdraws pictured above were all within a short drive of the residence identified on his Wells Fargo bank account statements.

19.     Based on the above facts, there is probable cause to believe that MONTES is in a conspiracy with Alan Ray, in which they fraudulently obtained unemployment benefits in the name of R.R., which MONTES then personally withdrew using a debit card issued in R.R.'s name.

---

[1] I was unable to determine whether MONTES' cell phone was located at every withdraw because during some withdraws, there were no cellphone data for which to compare.

<u>ALEXANDER HOYOS RIVERA's Participation in the Conspiracy</u>

20.     As the content of the Wynn package suggested, the conspirators appeared to have rented commercially available mailboxes using alternate identities to receive these fraudulently obtained debit cards. Investigation revealed the R.R. card was mailed to one such mailbox: mailbox 142 inside an UPS store located at 13536 Lakewood Boulevard, Bellflower, California 90706.

21.     This mailbox had been rented on September 2, 2020 using the following New Mexico driver's license recovered from inside the Wynn package:



22.     Further investigation revealed that this license was a fake, as the license number did not exist according to the New Mexico motor vehicle division. Instead, the individual pictured in the New Mexico driver's license above is Alexander Hoyos RIVERA, who has both Puerto Rico and Ohio driver's licenses. Below are the driver's license photos from those licenses:



*Photos from RIVERA's August 2019 Puerto Rico license (left) and October 2021 Ohio license (right)*

23.   In reviewing the ATM withdraw photos of the fraudulently obtained debit cards, I found at least two instances where RIVERA himself made withdraws using these cards in or near Los Angeles, California on September 2, 2020:



*ATM Photos of Withdraw Using Debit Card in the Name of L.F. on September 2, 2020 in California*



*ATM Photo of Withdraw Using Debit Card in the Name of C.C. on September 2, 2020 in California*

11

24.     In addition, data recovered from Ray's cellphone, obtained via a federal search warrant, contained an email, sent to Ray's email account, of a plane ticket purchased for RIVERA for a trip from Los Angeles, California to San Juan, Puerto Rico on September 5, 2020. That date was only a few days after the dates on the mailbox rental applications recovered from Ray's UPS package, rented using the fake New Mexico driver's license stated above, and three days after the ATM withdraws shown above made by RIVERA in California.

25.     RIVERA's involvement in this conspiracy is consistent with other evidence in this investigation, as most of the PII used to obtain fraudulent unemployment benefits were of residents of Puerto Rico.

26.     Based on the above facts, there is probable cause to believe that RIVERA is in a conspiracy with Alan Ray to fraudulently obtain unemployment benefits using other people's PII.

<u>PETER ALEXANDER STINCER's Participation in the Conspiracy</u>

27.     I was also able to identify an additional coconspirator, defendant Peter Alexander STINCER, by reviewing records of the EDD claims filed using the identities in Ray's notebooks recovered from the Wynn. Five such claims, including successful claims in the names of R.P. and J.M., identified their mailing address as the address indicated on STINCER's California driver's license. These claims using STINCER's address were also filed using the same IP address as seven other claims (for a total of 12 claims) that used identities from the Wynn notebooks. All 12 of these claims were filed on the same two consecutive days. The debit card for one of these seven claims was shipped to the same commercial mailbox, rented by RIVERA, as the R.R. card noted above used by MONTES.

28.     I obtained the following photo from STINCER's California driver's license:



*STINCER's California driver's license photo*

29.     In reviewing the ATM withdraw photos of the fraudulently obtained debit cards, I found several instances where STINCER made withdraws using the R.P. and J.M. debit cards in California, including the following:



*ATM Photo of Withdraw Using Debit Card in the Name of J.M. on August 9, 2020 in California*

1
2
3
4
5
6
7
8
9
10
11



12  *ATM Photo of Withdraw Using Debit Card in the Name of J.M. on August 9, 2020 in California*

13
14
15
16
17
18
19
20
21
22
23



24  *ATM Photo of Withdraw Using Debit Card in the Name of R.P. on August 25, 2020 in California*

30.     I was able to locate victim R.P. in Puerto Rico, who confirmed the PII used to file the EDD claim in her name in fact belonged to her, but she does not live in California, has never lived or worked in California, has never filed for unemployment benefits in California, and did not give anyone permission to file for benefits on her behalf in California. Likewise, I was able to locate victim R.R. who confirmed the same as above.

31.     In sum, MONTES, RIVERA, and STINCER were observed withdrawing money using EDD debit cards issued to individuals whose PII were found in the notebooks recovered in the package Ray attempted to mail at the Wynn while accompanied by MONTES. The notebooks indicated that claims were in fact filed using these PII, which were confirmed by the withdraws. Moreover, RIVERA appears to have used a fake New Mexico driver's license, found inside the Wynn package, to rent commercially available mailboxes used to receive the fraudulently obtained debit cards, at least one of which ended up in MONTES' possession.

32.     Based on the above, I believe there is probable cause that, on or about the dates above, Luigi J. MONTES, Alexander Hoyos RIVERA, and Peter Alexander STINCER did commit violations of 18 U.S.C. § 1349 (Conspiracy to Commit Mail Fraud) and 18 U.S.C. § 1028A(a)(1) (Aggravated Identity Theft).

_Christina D. Burt_
Christina D. Burt, Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements
of Fed. R. Crim. P. 4.1 by telephone on December 10th, 2021

_____
HONORABLE DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE



15